**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| DEREK SCOTT BARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.:  1:24-cv-01068 |
| | ) | |
| MAVPAK, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Defendant Mavpak ("Mavpak" or "Defendant"), a packaging distributor, hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 to the United States District Court for the Southern District of Indiana, and as grounds therefore states:

**I.     Timeliness of Removal**

1.     On or about May 22, 2024, Plaintiff Derek Scott Barker ("Plaintiff") filed a civil action against Defendant in the Howard County Circuit Court, State of Indiana Case No. 34D02-2405-CT-001740.  Copies of the Summons and Complaint are attached as **Exhibit A**, as required under 28 U.S.C. § 1446(a).  These are the only process, pleadings, and orders served on Defendant in this action.

2.     Defendant was served with the Complaint on June 3, 2024 by Certified Mail.

3.     Accordingly, Defendant is timely filing this Notice of Removal within 30 days after service of process, as required by 28 U.S.C. § 1446(b).

**II.     Venue**

4.     The Howard County Circuit Court is located within the Indianapolis Division of the Southern District of Indiana.  28 U.S.C. § 94.

5.      Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

### III.    Basis for Removal:  Federal Question Jurisdiction

6.      This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1331, which provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and 28 U.S.C. § 1337, which provides, "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce …."

7.      Plaintiff's Complaint asserts national origin discrimination under 42 U.S.C. 2000e et seq. (29 CFR § 1606.8), and therefore this Court has original jurisdiction under 28 U.S.C. §§ 1331 and the action is removable under 28 U.S.C. § 1441(a).

### IV.    Supplemental Jurisdiction

8.      If this Court determines that any of Plaintiff's claims are brought under Indiana state law, this Court would have supplemental jurisdiction over those claims.  Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal cause of action "that they form part of the same case or controversy under Article III of the United States Constitution."  State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

9.      Here, Plaintiff vaguely alleges he was "deprived of basic rights, that are guaranteed under…Indiana Law." (Compl. ¶ 12.) While the exact state law is unclear due to Plaintiff's in artful pleading, any such claim must arise out of a common nucleus of operative facts with his

2

federal law claim: that Defendant "created a hostile work environment." Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claim (assuming Plaintiff properly plead one) pursuant to 28 U.S.C. § 1367. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claim (assuming Plaintiff properly plead one). Plaintiff's state law claim (assuming Plaintiff properly plead one) neither raise novel or complex issues of State law nor predominate over the claim over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Thus, removal is proper under 28 U.S.C. § 1441(c).

**V.    Conclusion**

10.    In accordance with 28 U.S.C. § 1466, copies of this Notice of Removal will be promptly served upon counsel for all adverse parties and filed with the Clerk of the Howard County Circuit Court. A copy of Defendant's notice of filing to the state court is attached hereto as **Exhibit B**.

11.    By removing this matter, Defendant does not waive or intend to waive any defense, including but not limited to insufficiency of process and insufficiency of service of process.

WHEREFORE, Defendant respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the Howard County Circuit Court, State of Indiana to the United States District Court for the Southern District of Indiana.

Dated: June 24, 2024

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Todd J. Kaiser
Todd J. Kaiser, Attorney No. 10846-49
Cheyna H. Galloway, Atty. No. 36831-41
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone:  317.612.6071
Facsimile:  317.916.9076
*todd.kaiser@ogletree.com*
*cheyna.galloway@ogletree.com*

*Counsel for Defendant*
*Mavpak*

## CERTIFICATE OF SERVICE

I certify that on June 24, 2024, the foregoing document was filed via the Court's electronic filing service and contemporaneously served upon Plaintiff via U.S. Certified Mail at the address below:

Derek Scott Barker
977 Breezy Woods Drive
Russiaville, IN  46979
*dereksbarker@icloud.com*

/s/ Todd J. Kaiser

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone:  317.916.1300
Facsimile:  317.916.9076